## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

| | | |
|---|---|---|
| **MAURICE J. SINKFIELD,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:20CV00149 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | By:  James P. Jones |
| **ET AL.,** | ) | United States District Judge |
| Defendants. | ) | |
| | ) | |

*Maurice J. Sinkfield, Pro Se Plaintiff; Justin M. Lugar, Assistant United States Attorney, Roanoke, Virginia, for United States.*

Plaintiff Maurice J. Sinkfield, a federal inmate proceeding pro se, filed this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA").  This matter is currently before me to determine whether Sinkfield is barred under 28 U.S.C. § 1915(g) from proceeding without prepayment of the filing costs for this case, because he has previously filed three or more civil actions that were dismissed as frivolous or for failure to state a claim.  After review of the record, I conclude that Sinkfield must prepay the filing costs, or this lawsuit will be dismissed.

Under the Prison Litigation Reform Act of 1995, all prisoner litigants suing government entities or officials must pay filing fees in full, either through

prepayment or through installments withheld from the litigant's inmate trust account.  28 U.S.C. § 1915(b).  Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury."  § 1915(g).  "A dismissal of a suit for failure to state a claim counts as a strike [under § 1915(g)], whether or not with prejudice."  *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020).

The United States has presented evidence, confirmed by court records available online, that Sinkfield has brought such actions or appeals on three or more prior occasions, including *Sinkfield v. Grady County Law Enforecment Center*, No. 5:19-cv-00597 (W.D. Okla. Dec. 4, 2019) (dismissed for failure to state a claim); *Sinkfield v. U.S. Marshals Service*, No. 1:19CV00392, 2019 WL 4991644 (N.D. Ohio Oct. 7, 2019) (dismissed for failure to state a claim and for suing governmental entity with immunity; district court "certifie[d] pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith"); and *Sinkfield v. Murphy*, No. 1:15-cv-00453 (N.D. Ohio Aug. 3, 2015) (dismissed for failure to state a claim against defendants).  Accordingly, under § 1915(g), Sinkfield may not proceed without prepayment of the filing costs unless he has stated facts showing that he is in imminent danger of serious physical injury.

To satisfy the imminent danger criterion, a prisoner must show that the danger "exist[ed] at the time the complaint or the appeal [wa]s filed, not when the alleged wrongdoing occurred." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). "[T]he exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." *Id.*; *see Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) (reiterating that "a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed"; collecting cases).

"[T]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013) (internal quotation marks omitted). "[A] prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception." *Andrews v. Cervantes*, 493 F.3d 1047, 1056-57 (9th Cir. 2007).

*Newkirk v. Kiser*, 812 F. App'x 159, 159–60 (4th Cir. 2020) (unpublished), *cert. denied*, No. 20-6026, 2021 WL 78278 (U.S. Jan. 11, 2021).

In response to the United States' motion, Sinkfield does not argue that any of the three cases listed above should not count as a "strike" under § 1915(g). Rather, he asserts that I should find from the court's own orders, the allegations in his Complaint and the Amended Complaint, and his past motions seeking interlocutory injunctive relief that he has satisfied the imminent danger requirement under that statute to allow him to proceed without prepayment of the filing fee. I cannot agree.

Sinkfield filed this § 1983 action in March 2020. The court conditionally filed the case, requiring him to submit financial information necessary for the court to

allow him to go forward under 28 U.S.C. § 1915(b) without prepaying the filing costs. This Order expressly stated that in forma pauperis status under § 1915(b) might be "rescinded if the court determines that plaintiff has had three prior cases dismissed as frivolous, malicious, or for failure to state a claim, pursuant to 28 U.S.C. § 1915(g)," which would require full payment of the filing costs. Order ¶ 3, ECF No. 3. In April 2020, the court issued an order requiring Sinkfield to consent to pay the filing fee through installments. That order, too, warned him that if he had three "strikes" under § 1915(g), he could not bring an action in federal court without prepaying the costs or showing imminent danger. Order ¶ 5, ECF No. 10. In late April of 2020, I summarily dismissed some of Sinkfield's claims, but granted him the opportunity to amend his FTCA claims to name the United States as the defendant, which he did in the Amended Complaint, filed on May 10, 2020.[1] None of the referenced court Orders made any findings that Sinkfield had shown imminent danger for the purposes of the exception to prepayment in § 1915(g).

The court then attempted to accomplish service of process on the defendants. Counsel for the United States filed a motion seeking reconsideration of the court's decision to allow Sinkfield to proceed without prepayment of filing costs, asserting

---

[1] An inmate's court pleading is considered filed on the date when he delivers it to prison authorities for mailing to the court. *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735–36 (4th Cir. 1991). Sinkfield signed and dated the Amended Complaint and his cover letter on May 10, 2020. Therefore, I will consider the pleading filed as of that date.

that he had three prior cases that qualified as strikes under § 1915(g). The court directed Sinkfield to respond to this evidence.

In the meantime, Sinkfield filed two overlapping motions seeking interlocutory injunctive relief, ECF Nos. 21 and 22. He claimed that in May of 2020, USP Lee officers made verbal threats to make him disappear or to place him in four-point restraints again, falsely accused him of possessing a weapon in a shampoo bottle, and confiscated his legal materials. I took these motions under advisement, to be addressed after resolution of the § 1915(g) issues. Sinkfield asked for lengthy extensions of time to respond to those issues. Because Sinkfield has now been transferred to another federal prison facility, his motions seeking interlocutory injunctive relief at USP Lee are moot and have been dismissed as such. I also cannot find that Sinkfield's complaints in these motions — about mere verbal threats and confiscated legal materials — describe any ongoing misconduct at USP Lee that placed him in imminent danger of serious physical harm when he filed the Amended Complaint in May of 2020.

Similarly, the allegations in the initial Complaint (and repeated in the Amended Complaint) do not describe any ongoing events placing Sinkfield in imminent danger of serious physical harm. The claims concern events that occurred on July 30 to August 2, 2019, more than seven months before Sinkfield first filed this civil rights action. In brief, he alleges that when he arrived at USP Lee on July

30, 2019, he refused to comply with an order to complete and sign a form that asked for his social security number.  Officers then allegedly restrained him, physically attacked him, took him to a special housing unit, physically attacked him again, stripped off his clothes, and sexually assaulted him.  When he started to report the sexual assault to the nurse, officers allegedly threatened him and physically assaulted him again.  Every two hours for two days and nights, officers allegedly physically assaulted Sinkfield while he was fully restrained.  They allegedly deprived him of food, water, sleep, fresh air, bedding, clothing, medical care, and administrative remedies.  Finally, Sinkfield agreed to sign the document.  Nevertheless, officers allegedly continued physically abusing and humiliating him, sprayed tear gas into his cell, punched his penis, restrained him in four-point restraints with his arms in unnatural and uncomfortable positions, and sexually assaulted him.  Officers thereafter allegedly suspended Sinkfield's telephone and email privileges and refused to provide him with administrative remedy forms, so he could not report their actions to his family or to authorities.

The allegations of Sinkfield's Complaint and Amended Complaint, while describing ugly and assaultive actions by prison officials in July and August of 2019, do not suggest an ongoing pattern of misconduct over subsequent months that placed Sinkfield in an imminent danger of physical harm at the time he filed the initial Complaint in March of 2020, or the Amended Complaint in May of 2020.  Sinkfield

is merely seeking recompense for officials' alleged violations of his rights in the summer of 2019. The imminent danger exception is not intended for such a purpose. *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (unpublished). Accordingly, I conclude that Sinkfield does not qualify to proceed with this action unless he prepays the full filing costs of $400 ($350 filing fee plus a $50 administrative fee).

For the reasons stated, it is **ORDERED** as follows:

1.     The defendant's Motion for Reconsideration, ECF No. 24, is GRANTED;

2.     The court's service order, ECF No. 15, to the extent that it grants plaintiff in forma pauperis status pursuant to 28 U.S.C. § 1915(b) and allows him to pay the filing fee through installments from his inmate trust account, is hereby VACATED; and

3.     Plaintiff is DIRECTED to prepay the full filing costs for this civil action in the amount of $400 within 14 days from the date of the entry of this Order, or the case will be summarily dismissed without prejudice, pursuant to 28 U.S.C. § 1915(g).

ENTER:  March 1, 2021

/s/  JAMES P. JONES
United States District Judge